IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **CURTIS LEE SHEPPARD, JR.,** § | | |
| **TDCJ No. 1656666, Michael Unit,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 7:18-cv-00178-O-BP |
| § | | |
| **DIRECTOR, TDCJ-CID,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Curtis Lee Sheppard, Jr. pursuant to 28 U.S.C. § 2254 (ECF No. 1) on December 28, 2018; and Petitioner's Motion for Suspension of Operations (ECF No. 5) and Motion for Leave to File Texas Legislature 2013 Junk Science Law (ECF No. 6) filed on December 28, 2018. Petitioner seeks to challenge his state conviction of Possession of a Controlled Substance—namely, Cocaine. *See* Texas Department of Criminal Justice, Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03299144 (last visited Jan. 7, 2019) (*See also* ECF No. 1 at 2). After consideration of the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) as **SUCCESSIVE** and **DENY** as **MOOT** Petitioner's Motions (ECF Nos. 5-6).

**I.    FACTUAL BACKGROUND**

Petitioner, an inmate confined in the Michael Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas, brings this action pursuant to 28 U.S.C. § 2254. Petitioner

challenges the validity of his conviction in case number 48,429-B from the 78th District Court of Wichita County, Texas. (*Id.* at 2). This is the same conviction that Petitioner challenged in his previous case, *Sheppard v. Director, TDCJ-CID*, No. 7:17-cv-00152 (N.D. Tex. Nov. 17, 2017), which was dismissed as successive. Petitioner then filed a Motion for a certificate of appealability in the previously mentioned case, which the Fifth Circuit denied. *See Sheppard v. Davis, Director, TDCJ-CID*, No. 17-11435 (5th Cir. Aug. 31, 2018).

In the previously mentioned case, the Fifth Circuit stated that "Sheppard's challenges to prior rulings by the district court and this court do not 'deserve encouragement to proceed further.'" *Id.* at 2 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). The Fifth Circuit also stated that "Sheppard has been warned twice about filing frivolous pleadings challenging his conviction and disciplinary proceedings." *Id.*; *see also Sheppard v. Stephens*, No. 15-10457 (5th Cir. Mar. 22, 2016) and *Sheppard v. Stephens*, No. 15-10827 (5th Cir. Jan. 11, 2016). The Fifth Circuit also "ORDERED . . . Sheppard [to be] SANCTIONED in the amount of $100, payable to the clerk of this court." *Sheppard*, No. 17-11435 at 2. Furthermore, the Fifth Circuit "BARRED [Sheppard] from filing in this court or any court subject to this court's jurisdiction any challenge to his conviction or disciplinary proceedings until the sanction is paid in full, unless he first obtains leave from the court in which he seeks to file his pleadings." *Id.* Finally, the Fifth Circuit "CAUTIONED [Sheppard] that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions." *Id.* at 3. Nevertheless, Petitioner has filed the current habeas corpus petition (ECF No. 1) and two additional Motions (ECF Nos. 5-6).

## II.     LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court.

In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

### III.     ANALYSIS

In applying the legal standard, the claims set forth in the instant petition were raised, or could have been raised, in Petitioner's earlier petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the instant petition is successive, this Court is without jurisdiction to entertain the petition unless leave to file is granted by the Fifth Circuit. *See Crone*, 324 F.3d at 836-37. The District Court may opt to transfer a successive habeas petition to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). However, because the earlier case was already ruled on by the Northern District of Texas and disposed of by the Fifth Circuit on appeal, the current case should not be transferred.

Moreover, because the undersigned recommends that the current habeas corpus petition be dismissed as successive, Petitioner's Motions (ECF Nos. 5-6) should be denied as moot.

### IV.     CONCLUSION

Petitioner's current habeas corpus petition should be dismissed as successive and his Motions (*id.*) denied as moot for the previously mentioned reasons.

## RECOMMENDATION

The undersigned **RECOMMENDS** that United States District Judge Reed O'Connor not transfer the current case, **DISMISS WITHOUT PREJUDICE** the Petition (ECF No. 1) as **SUCCESSIVE**, and **DENY** Petitioner's Motions (ECF Nos. 5-6) as **MOOT**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **February 6**, **2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE